IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JORGE GRADO, <br> Institutional ID No. 53931-509 <br><br> Plaintiff, <br><br> v. <br><br> DIMMITT POLICE DEPARTENT, <br> *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | 2:24-CV-147-Z-BR |

**ORDER GRANTING MOTION TO FILE MSJ EXHIBITS**
**A-9, A-10, A-16 AND A-18 UNDER SEAL**

Before the Court is Defendant Anyssa Enriquez's Motion to File MSJ Exhibits A-9, A-10, A-16 and A-18 Under Seal. (ECF 38). For the reasons stated below, the Motion is GRANTED.

**A.     Legal Standard.**

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). In *Le v. Exeter Financial*, and the cases that have followed it, the Fifth Circuit made clear that "courts should be ungenerous with their discretion to seal judicial records …" *Id.* at 418; *see also June Med. Serv., L.L.C. v. Phillips*, 22 F.4th 512, *521 (5th Cir. 2022). "[T]he working presumption is that judicial records should not be sealed." *Le*, 990 F.3d at 419. The party seeking to seal a filing must justify its reasoning. *See B.P. Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (highlighting that parties must give the court good reason for sealing). The Fifth Circuit has instructed district courts to heavily disfavor sealing if the party requesting sealing does not provide good cause for its request. *See Phillips*, 22 F.4th at *519–20 ("[W]e heavily disfavor sealing information placed in the judicial record."); *see also Vantage Health Plan, Inc. v. Willis-Knighton*

*Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019). Generally, courts must consider alternatives to "wholesale" sealing of records, such as redaction. *See, e.g.*, *Le*, 990 F.3d at 420; *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (rejecting "wholesale sealing"); *In re Providence Journal Co., Inc.*, 293 F.3d 1, 15 (1st Cir. 2002) (citing *United States v. Biaggi*, 828 F.2d 110, 116 (2d Cir. 1987) (same)); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (same). And "a court abuses its discretion if it ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Le*, 990 F.3d at 420 (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). Lastly, "to the extent that sealing is necessary, it must be 'congruent to the need.'" *Phillips*, 22 F.4th at *521 (citing *Le*, 990 F.3d at 420).

**B.     Analysis.**

With that legal framework in mind, and noting the presumption in favor of the public's access to judicial records, the Court believes that sealing the supporting evidence is proper given the particular circumstances in this case. Having reviewed the medical records that Defendant filed under seal, the Court agrees that the records contain sensitive information warranting their nondisclosure. The records contain detailed medical records concerning Plaintiff's health.

The Court believes that Plaintiff's right to privacy outweighs the public's interest in disclosure of the exhibits. The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure. *See Williams v. Luminator Holdings, LP,* No. 3:12-cv-2975-M (N.D. Tex. 2012) (collecting cases and finding that protecting medical privacy satisfied the "compelling" reason standard governing motions to seal). The Court finds that the interest in protecting Plaintiff's private health information far outweighs the public's interest in Plaintiff's medical information. Accordingly, Defendant's Motion is GRANTED.

IT IS SO ORDERED.

Entered on September 29, 2025.

                                                                           */s/ Lee Ann Reno*
                                                                           LEE ANN RENO
                                                                           UNITED STATES MAGISTRATE JUDGE