IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JORGE GRADO<br>Institutional ID No. 53931-509, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:24-CV-147-Z-BR |
| DIMMITT POLICE DEPARTMENT,<br>*et al.*, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
DEFENDANT ANYSSA ENRIQUEZ'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendant Anyssa Enriquez. (ECF 35). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

## I. Factual Background

On September 15, 2022, Grado and his mother were attending his brother's football game at the Dimmitt, Texas, high school football field. During the game, Defendants Brandon Ontiveros ("Ontiveros") and Benjamin Elmore ("Elmore"), who are Dimmitt police officers, approached Grado and asked him to follow them to the bottom of the bleachers, which he did. (ECF 16 at 5, ECF 19 at 21). As soon as he saw the officers, Grado assumed they were there to arrest him because he had outstanding federal warrants. (ECF 16 at 6). At the bottom of the bleachers, Elmore handcuffed Grado, and Grado immediately felt a pinching pain in his right wrist. He informed the officers, and Elmore uncuffed his right wrist so that Grado could remove his smart watch. After Grado removed the watch, Elmore re-cuffed him with his hands behind his back. Removing the watch did not alleviate the problem, so Grado again complained several times that his hand was

1

tingling and that the cuff was biting into him. While at the stadium, Elmore and Ontiveros added a "chain" to extend the cuffs due to Grado's wide shoulders. (ECF 16 at 8). This also did not solve the problem, and he so notified Elmore and Ontiveros again, but the officers allegedly ignored his complaints. (*Id*.).

Grado ultimately was transported to the Castro County jail, where the handcuffs were removed approximately two and a half hours after he was first cuffed. (*Id*. at 9-10). After the handcuffs were removed, his right wrist began cramping, and was noticeably swollen. It was tingling, numb and extremely painful. (*Id.* at 10). While being fingerprinted, Grado notified Defendant Anyssa Enriquez ("Enriquez") that his hand was injured because the handcuffs were too tight. Enriquez had to straighten out the fingers on Grado's right hand to roll them in ink, since he did not have the strength to straighten the fingers on his own. (*Id*. at 11). However, he claims that Enriquez failed to provide him medical care.

Grado filed suit on January 11, 2024, against several defendants. His excessive force claims against Ontiveros and Elmore, as well as his claim of failing to provide medical aid against Enriquez, survived screening and these defendants were ordered to answer. Enriquez filed this Motion for Summary Judgment, asserting that Grado's claims should be dismissed for failure to exhaust his administrative remedies and, alternatively asserting that Grado's claims against her are barred by qualified immunity. Grado did not respond to the Motion.

## II. SUMMARY JUDGMENT STANDARD

**A.    Summary Judgment is Proper if No Genuine Dispute as to Any Material Fact.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there

2

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

      The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

      Because he proceeds *pro se*, Grado's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure

and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

**B.      Grado's Failure to Respond is Not Dispositive.**

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees) for State Colleges & Universities*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id*. at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Enriquez still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

4

## III. LEGAL ANALYSIS

A.  **The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.**

Enriquez moves for summary judgment based on her affirmative defense that Grado has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776

F.3d 296, 299-300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010)). Further, exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

**B.      The Undisputed Evidence Shows a Failure to Exhaust.**

According to the evidence presented by Enriquez, a Castro County prisoner must complete the county's three-step grievance process before filing suit. (ECF 37 at 6, 15-17). First, the inmate must submit his grievance to the Grievance Officer or day deputy, either by a handwritten grievance or through the county's electronic kiosk. (*Id*.). Second, if the inmate is not satisfied with the response, he can request a hearing before the Grievance Review Officer. The Grievance Review officer is the Chief Deputy or a staff member designated by the sheriff. (*Id*.). At the hearing, the inmate can present evidence such as witness testimony and written documents, and the Grievance Review officer will provide a written decision to the inmate (*Id*.). Third, the inmate may appeal the decision of the Grievance Review Officer to the sheriff. The sheriff will notify the inmate in writing of his decision no later than 15 days after receiving the appeal. The sheriff's

6

decision is final. (*Id*.).

The undisputed evidence shows that Grado was detained at the Castro County Jail from September 15, 2022, to April 5, 2023, and was notified of the proper grievance procedure while there. (*Id*. at 7, 24, 33). During that time frame, he filed one grievance. Specifically, on March 20, 2023, Grado filed a grievance about the temperature of the food, and added that "[I] have also been getting denied medical attention which [I] will talk to my lawyer and see what can be done in that matter. If these issues continue we will seek outside help we will have our families start calling radio stations, newspapers, news stations any body [sic] that will listen to the unacceptable conditions we live with in this facility." (*Id*. at 66). For the purposes of this Motion, the Court will presume this grievance applies to the alleged failure to treat his hand injury.

On March 23, 2023, Sgt. Sam Cavazos responded to the grievance in writing, stating in pertinent part that "you did not have a doctor[']s appointment last week and there is a doctor appointment scheduled. You will not be notified of the date due to security measures." (*Id.*). Grado had a follow-up visit with a medical provider the day after the grievance response. (ECF 39 at 8). Grado did not appeal the grievance response through the second and third steps of the Castro County grievance procedure. (ECF 37 at 6-7).

Because Enriquez met her burden to show that Grado has not properly exhausted his remedies in connection with the claims at issue, the burden then shifted to Grado to establish a genuine issue of material fact. However, Grado failed to respond to the Motion and thus failed to meet his burden. The undisputed evidence shows that Grado failed to exhaust his administrative remedies in connection with the claims brought in this case; accordingly, his claims against Enriquez should be dismissed without prejudice.

7

## IV. RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendant Anyssa Enriquez's Motion For Summary Judgment be GRANTED and that Plaintiff's claims be dismissed without prejudice.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 21, 2025.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery*

*Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).